UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELINO SUSTAITA

       Plaintiff,

v.                                                      Case No. 1:08-cv-566
                                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on August 28, 1959 and completed the 9th grade (AR 49, 72).[1] He alleged a disability onset date of October 27, 2004 (AR 49). Plaintiff had previous employment as a school custodian (AR 68). Plaintiff identified his disabling conditions as shoulder surgery and rotator cuff tear (AR 67). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on August 23, 2006 (AR 21-28). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 27, 2004, the alleged onset of disability, and that plaintiff met the insured status requirement of the Social Security Act through December 31, 2009 (AR 23). At step two, the ALJ found that he suffered from severe impairments of: bilateral rotator cuff tear, post repair; hypertension; and osteoarthritis with degenerative joint disease (AR 23). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 25). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> . . . to perform light work activity. The claimant cannot climb ladders or perform above the shoulder lifting or pushing/pulling with either upper extremity. The claimant cannot work around dangerous, unprotected machinery, vibrating tools, or work at unprotected heights. The claimant cannot read so he needs simple, unskilled work and only minimal contact with co-workers and the general public.

(AR 25). The ALJ found that plaintiff was unable to perform his past relevant work (AR 26).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of light work, which includes the following jobs in the regional economy (the lower peninsula of Michigan): hand packager (4,000 jobs); equipment cleaner (1,000 jobs); sorter (1,000 jobs); inspector (some tactile visual) (3,500 jobs); and assembler (10,000 jobs) (AR 27). Accordingly, the ALJ determined that plaintiff was not under a disability and entered a decision denying benefits (AR 27-28).

**III. ANALYSIS**

Plaintiff raises three issues on appeal:

**A.     Was [there] substantial evidence of the whole record to deny disability benefits?**

This issue consists of a number of cursory arguments and bald assertions of error. First, plaintiff contends that "[t]he ALJ's decision is outside the zone of decision making," because "[w]hen you examine all of the medical reports, employment history and testimony of the claimant, it is clear that this claimant met his burden." Plaintiff's Brief at 30. Plaintiff provides neither legal authority nor a factual basis to support his claim that the ALJ erred. Second, plaintiff contends that "the ALJ neglected to provide sufficient rationale as to why this claimant was employable." Plaintiff's Brief at 30. Plaintiff does not address this issue further. Third, plaintiff states that the ALJ failed to make credibility determinations that are supported by substantial evidence. *Id.* at 30-31. Plaintiff does not identify any particular credibility determination, but simply states, "[t]here is no legal rationale to find a lack of credibility with this claimant." *Id.* at 31. Fourth, plaintiff states, without argument or supporting authority, that "[t]he ALJ should not have given controlling weight to Dr. Harburn, who never saw the claimant after June 21, 2006." *Id.* Fifth, plaintiff states that "the ALJ did not meet the burden of proof to show the claimant could perform the occupations noted by the VE once the VE testified the claimant could not return to his job as a janitor." *Id.*

While plaintiff's brief contains a lengthy summary of his medical history and the ALJ's decision, *see* Plaintiff's Brief at 1-24, he fails to explain how the ALJ erred. Plaintiff has made no attempt to articulate arguments to support these claims, all of which involve a review of the medical record, the ALJ's decision, applicable regulations, case law and other authorities (such as Social Security Rulings). A court need not make the lawyer's case by scouring the party's various

5

submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this issue waived.

>  **B.    Did the ALJ err in failing to ask hypothetical questions based on the severe impairments found by the ALJ of bilateral rotator cuff, hypertension, osteoarthritis, and the other conditions of chronic pain, carpal tunnel syndrome, lupus or ulnar neuropathy?**

Plaintiff contests the propriety of the ALJ's hypothetical question. Plaintiff contends that the ALJ's hypothetical question posed to the vocational expert (VE) was in error, because the ALJ failed to include the severe impairments of chronic pain, carpal tunnel syndrome, Lupus, ulnar neuropathy, connective tissue disorder, degenerative joint disease, and osteoarthritis. Plaintiff's Brief at 31-32. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994).

As an initial matter, plaintiff's argument misstates the ALJ's findings. The only severe impairments that the ALJ found in this case were: bilateral rotator cuff tear, post repair; hypertension; and osteoarthritis with degenerative joint disease (AR 23). The ALJ found that plaintiff's allegations of depression, diabetes, lupus and elbow problems were not severe impairments (AR 25). The record reflects that the ALJ's hypothetical question posed to the VE was consistent with the limitations as set forth in the RFC determination, which included all of the limitations that the ALJ found credible (AR 227-28).[2] The VE testified that a person with these limitations could perform 19,500 jobs in the regional economy (AR 227-28). Plaintiff has failed to cite any legal or factual basis to dispute the form or substance of the ALJ's hypothetical question. This claim should be denied.

### C. Is there new medical evidence after the date of hearing that is material, significant and shows disability that was not available at the time of the hearing?

Finally, plaintiff apparently relies on medical conditions that arose after his March 26, 2006 administrative hearing to support his claim of disability. Plaintiff has advised the court of the following new evidence that was not before the ALJ: cubital tunnel syndrome surgery on the right elbow on March 21, 2006; carpal tunnel syndrome surgery on the right hand on June 13, 2006; admission to the Ingham Regional Medical Center ("Ingham") from December 25 to 30, 2007, with a discharge diagnosis of liver disease, non-ST-elevated myocardial infarction, hypertension, dyslipidemia, diabetes mellitus, alcoholism, arthritis, depression, and questionable history of lupus; another admission to Ingham from May 10 to May 30, 2008 for chronic kidney disease and acute

---

[2] It appears that plaintiff relies, in part, on evidence that was not before the ALJ. *See discussion*, *infra*.

renal failure; and a psychological evaluation on June 25, 2008, which concluded that plaintiff met the requirements of Listing 12.04. Plaintiff's Brief at 21-25, 33.

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[3] Sentence six provides that"[t]he court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is <u>material</u> and that there is <u>good cause</u> for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). For purposes of a remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001), quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. The party seeking the remand bears the burden of demonstrating that the good cause and materiality requirements are met. *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). In a sentence-six

---

[3] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

While plaintiff apparently seeks a sentence-six remand, he fails to discuss, let alone demonstrate, the materiality and good cause necessary for such a remand. Plaintiff's administrative hearing was held on March 20, 2006 (AR 197). At the hearing, plaintiff testified that he was scheduled for elbow surgery the next day and that he recently found out that he had "a touch of lupus" (AR 206). When plaintiff's counsel advised the ALJ that he had not received all of plaintiff's medical records, the ALJ agreed to keep the record open for two weeks to allow filing of additional records and allowed plaintiff to supplement the record as late as June 2, 2006, with exhibits 7F through 11F (AR 142-91, 201-2). Contrary to plaintiff's assertion, both the operative report of the March 21, 2006 cubital tunnel syndrome surgery and an April 6, 2006 post-surgery progress note were included in the supplements to the administrative record (AR 186-88).

In seeking review of the ALJ's decision, plaintiff provided the Appeals Council with an operative report for the June 13, 2006 carpal tunnel syndrome surgery (AR 192-96). While the actual surgery occurred approximately three months after the hearing, plaintiff was aware of this condition *before* the hearing. A doctor observed the condition in January 2006 and plaintiff discussed surgical options on February 27, 2006 (AR 189-91). Copies of these medical record from January and February 2006 were submitted to the ALJ as supplements to the administrative record (AR 189-91). Plaintiff offers no explanation for failing to supplement the record with the June 13, 2006 operative report, even though the ALJ kept the record open in this matter until at least June 2,

9

2006, and did not enter his decision until August 23, 2006. Under these circumstances, plaintiff has not shown good cause for failing to present the June 13, 2006 report to the ALJ.

Furthermore, plaintiff has not demonstrated that new records regarding treatment in 2007 and 2008 meet the materiality requirement for a sentence-six remand. Evidence of plaintiff's hospitalizations and treatment for medical problems occurring in December 2007, May 2008 and June 2008, does not reveal information about plaintiff's ability to perform work in August 2006. "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992). *See Jones v. Commissioner*, 336 F.3d 469, 478 (6th Cir. 2003) (evidence of deterioration in the claimant's condition that occurred more than one year after the ALJ's denial of benefits cannot be considered); *Mingus v. Commissioner*, No. 98-6270, 1999 WL 644341 at *5 (6th Cir. Aug. 19, 1999) (deterioration of plaintiff's eyesight in August 1996 is not relevant to plaintiff's condition as it existed on her last insured date of December 31, 1993); *VanVolkenburg v. Secretary of Health and Human Services*, No. 8-1228, 1988 WL 129913 at *3 (6th Cir. Dec. 7, 1988) (deterioration of plaintiff's condition in 1987 not material to her condition in 1985); *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986) (new medical evidence compiled in March 1985 that may show a deterioration in the claimant's condition "does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983"). *Cf.* 20 C.F.R. § 404.970 (b) (requiring that when a claimant submits new and material evidence to the Appeals Council, the evidence shall be considered "only where it relates to the period on or before the date

of the administrative law judge hearing decision"). Accordingly, plaintiff's request for a remand should be denied.[4]

**IV.   Recommendation**

For these reasons, I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  June 2, 2009                                          /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[4] Plaintiff's inability to demonstrate materiality does not preclude him from seeking other remedies. "If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 712 (6th Cir. 1988).