UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELINO SUSTAITA,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

CASE NO. 1:08-CV-566

HON. ROBERT J. JONKER

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 14) and Plaintiff's Objections (docket # 15). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance benefits be affirmed. Plaintiff raises three objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation, and orders that the Commissioner's decision be affirmed.

Plaintiff Marcelino Sustaita first objects to the Report and Recommendation on the basis that there was not substantial evidence for the Commissioner's decision. This objection consists only of a number of cursory arguments and bald assertions of error without even perfunctory development of the argument. By failing to develop in any manner this argument, Mr. Sustaita has waived it. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Mr. Sustaita's second objection is to the propriety of the Administrative Law Judge's hypothetical question. In particular, he submits that the question failed to include several of his impairments. The record, however, demonstrates that the ALJ's hypothetical properly included all limitations that the ALJ found credible. *See Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

Mr. Sustaita's final objection is that medical conditions that arose after his administrative hearing support his claim of disability. The Report and Recommendation properly concludes, however, that Mr. Sustaita has failed to show good cause for his failure to supplement the administrative record regarding those conditions that arose before the hearing. Additionally, the Report and Recommendation concludes accurately that Mr. Sustaita's new conditions fail to meet the materiality requirement. *See, e.g.*, *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). As noted by the Report and Recommendation, Mr. Sustaita is free to initiate a new

claim for benefits as of the date that his conditions allegedly aggravated to the point of constituting a disabling impairment, but his request for a remand must be denied.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 2, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:   September 25, 2009              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE